HERBERT KRAFT, Plaintiff in Error, v. JUDSON McBOYD, Defendant in Error.

Kansas City Court of Appeals, November 19, 1888.

Practice : INSTRUCTION : REFUSAL TO SUBMIT THEORY SUPPORTED BY EVIDENCE. Where there was evidence. in this case, tending to support the theory of either party, and notwithstanding this the court refused an instruction for plaintiff in error, which was based upon the issues involved in the controversy, the court erred in such refusal, and it is ground of reversal.

*Error to Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

Statement of case by the court.

Peter, Louis and Herman Hinken, on the second day of June, 1883, executed their promissory note to one Ira Durand for three hundred dollars. On the sixth day of June, 1883, Judson McBoyd, the defendant herein, instituted a suit by attachment against said Ira Durand, and summoned as garnishees, the makers of the note. Durand appeared and answered in the attachment suit. Upon a trial there was a judgment for the plaintiff for the amount sued for. The makers of the note, in answer to the interrogatories in the garnishment, admitted that they owed the note, but said that they did not know whether it was still held by the defendant in the attachment. The court ordered Durand to bring the note into court. Before the garnishment proceedings were disposed of, Kraft, the plaintiff in error, instituted suit in the circuit court of Morgan county against the Hinkens upon the said note. They answered setting up the garnishment and expressing a desire to pay the money to whomever should be found entitled to it, but asking that the court protect them by seeing that they paid to the proper party. In this suit of Kraft *vs.* Hinkens, an order was entered, acceptable

to all parties, that Hinken pay the money into court and that Kraft and McBoyd interplead for it. No one took any exceptions to this method of settling the matter. Kraft took the initiative and filed a petition, claiming that the note was assigned to him before maturity and that he was entitled to the money, which the Hinkens, in the meantime, had deposited in court. McBoyd answered this petition denying the validity or good faith of the assignment, and claiming that the debt was subject to the attachment against Durand. Kraft replied. There was no objection to the mode of procedure, and all parties treated it as a contest to settle the question as to whether the debt due from the Hinkens was subject to the garnishment proceedings or whether the amount was due Kraft. This question was, by consent, tried by the court. There was evidence on the part of Kraft, tending to show that he bought the note in good faith, and there was evidence and circumstances tending to show that the alleged transfer was fraudulent.

*A. W. Anthony*, for the plaintiff in error.

(1) It does not appear that McBoyd, in the attachment proceedings, obtained judgment against Durand before the money in court was ordered to be paid to him. R. S. sec. 2531. (2) The order to Durand to deliver the note in court, he being a resident of the state of California, was void. R. S. sec. 2542. (3) Kraft having purchased the note before due, without notice, and in good faith, in the state of California, cannot be affected by garnishment proceedings in this state, or any where else. *Bennett v. Torlina*, 56 Mo. 309; *Hamilton v. Marks*, 63 Mo. 167; *Shirts v. Overjohn*, 60 Mo. 305; *Merrick v. Philips*, 58 Mo. 436; *Grelle v. Loxon*, 7 Mo. App. 97. The judgment should be reversed.

*B. R. Richardson* and *Draffen & Williams*, for the defendant in error.

(1) McBoyd, on the nineteenth of October, 1883, obtained judgment in the attachment suit against

Durand. Even if this judgment did not appear in evidence, the court would presume that the proceedings of the circuit court in that case were regular. If no judgment was rendered, it devolved upon plaintiff in error to show it. The proceedings of courts of general jurisdiction are presumed to be regular. *State v. Brown*, 75 Mo. 317; *Allen v. Smith*, 56 Mo. 28; *Lackland v. Stevenson*, 54 Mo. 108; *Kennedy v. McNichols*, 29 Mo. App. 11. (2) No objection was made or exceptions taken by the parties to the form of procedure. They voluntarily submitted to the trial by the court of the one issue involved. They cannot now be heard to question the propriety of the form of proceedings. *Whetstone v. Shaw*, 70 Mo. 575; *Heman v. Shainker*, 14 Mo. App. 577. (3) The note not being set out in the abstract of the plaintiff in error, this court will not go to the transcript to ascertain whether it was negotiable or not. *Kamerick v. Castleman*, 29 Mo. App. 661; *Goodson v. Railroad*, 23 Mo. App. 76. (4) The court had authority to inquire into the good faith of the transfer. R. S. sec. 2542. If he bought the note to assist Durand to defraud his creditors it was fraudulent. R. S. sec. 2542; *Frederick v. Allgaier*, 88 Mo. 598; *Bobb v. Woodward*, 50 Mo. 95; *Stone v. Spencer*, 77 Mo. 356. (5) Substantial justice was reached by the judgment of the court.

ELLISON, P. J.—By reference to the statement in this cause, it will be noticed that there was evidence tending to support the theory of either party. Notwithstanding this, the court refused an instruction for plaintiff in error, declaring that if he purchased the note before due in good faith, without notice of the garnishment proceedings, he was entitled to recover. We can see no reason for refusing this declaration and are led to believe the court must have disposed of the case on some erroneous theory.

The judgment is reversed and the cause remanded. All concur.